CUMMINGS v. BAKER.

1. APPEAL AND ERROR—FINDINGS—CONCLUSIVENESS.
   Findings supported by the evidence are conclusive.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.
   Alleged newly discovered evidence that is mostly cumulative and does not clearly appear to be newly discovered is not ground for a new trial.

Error to superior court of Grand Rapids; Newnham, J. Submitted April 5, 1905. (Docket No. 19.) Decided October 31, 1905.

Assumpsit by J. Avery Cummings against Eugene E. Baker for money had and received and for work and

labor done.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Dunham & Malcolm*, for appellant.

*E. A. Maher*, for appellee.

McALVAY, J.   Plaintiff- sued defendant in assumpsit to recover for money and wages claimed to be due and owing him under the following circumstances:   Plaintiff was a bartender in the saloon of one Parish in Grand Rapids, who was owing him $200 for wages, and claims that, by an arrangement between defendant, Parish, and plaintiff, defendant, on October 2, 1903, purchased by contract in writing from Parish his saloon, stock, and fixtures for $1,350, and that defendant paid cash $500 and by mutual agreement between all the parties the $200 which Parish owed plaintiff was applied and received on said purchase, leaving a balance of $650, which by the terms of the contract defendant agreed to pay in monthly installments of $50 each.   On the same date, for the purpose of allowing the saloon to run without apparent change of ownership, and also, as plaintiff claims, because. defendant did not want his name to appear in the business on account of membership in certain societies, Parish gave plaintiff a power of attorney to run and operate the saloon.   Plaintiff also claims that he gave defendant at different times $150 cash, under an agreement that, if he purchased one-half interest in the business, he was to be credited with all these amounts.   Plaintiff claims that this arrangement was not carried out, that defendant and Parish combined to get rid of him, and that defendant refused to pay on his contract, and Parish took possession on forfeiture.   Defendant and Parish afterwards jointly leased other premises in which Parish was to run a saloon. The wages claimed are for 16 weeks' services as bartender at $10 per week.

The claim of defendant is that he loaned plaintiff $500 to make a payment on the saloon which plaintiff purchased

from Parish, that the contract was made with him for the purpose of securing this loan and for no other purpose, and that plaintiff never worked for him and is indebted to him for a balance unpaid on said loan. The case was tried by the court without a jury, and facts found and conclusions of law thereon favorable to plaintiff. Amendments to these findings were presented by defendant and denied; the court at the same time further filing more extended findings of fact. To these findings defendant also proposed amendments, which were denied, and defendant excepted to such denial. A motion for a new trial was also denied.

The evidence presented on the trial by the parties was extremely contradictory; but there was abundant proof to support the findings of the trial judge. We do not find any error in the refusal to grant a new trial. The judgment was not excessive under the evidence, and, as already stated, was supported by the evidence. The claimed newly discovered evidence was mostly cumulative, and we agree with the court that it did not clearly appear to be newly discovered.

The only other exceptions properly brought to the attention of this court by defendant in his brief relate to questions allowed by the court upon examination of the defendant and one of his witnesses. These questions were asked on cross-examination, and those asked defendant were clearly proper. The other witness was an attorney, and but one of the questions objected to is questionable, and, if the court allowed considerable latitude in this examination, the answer to the question could not be prejudicial. We find no error in the case.

The judgment of the circuit court will be affirmed.

CARPENTER, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.